[No. B109661. Second Dist., Div. Five. May 9, 1997.]

In re MICHAEL IVEYS on Habeas Corpus.

COUNSEL

Michael P. Judge, Public Defender, Albert J. Menaster, E. John Myers and Alex Ricciardulli, Deputy Public Defenders, for Petitioner.

Gil Garcetti, District Attorney, George M. Palmer, Patrick D. Moran and Dirk L. Hudson, Deputy District Attorneys, for Respondent.

OPINION

**GODOY PEREZ, J.**—After a jury trial, petitioner was convicted of possession of cocaine. Petitioner waived his right to a jury trial on the allegation that he had a prior robbery conviction within the meaning of Penal Code section 667, subdivisions (b) through (i), the "Three Strikes" law.[1] The superior court found that allegation to be true. Petitioner did not move to strike the prior enhancement allegation, and the trial court did not express any views as to whether it believed it had, or would have exercised, its discretion to strike the prior absent a motion by the prosecuting attorney. On October 4, 1994, the court sentenced petitioner to the middle term of two years in state prison, doubled pursuant to section 667, subdivision (e)(1), for a total state prison sentence of four years. We affirmed petitioner's conviction on October 20, 1995. (*People* v. *Iveys* (Oct. 20, 1995) B088245 [nonpub. opn.].)

On June 20, 1996, the Supreme Court issued its opinion in *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], in which it held that section 667, subdivisions (b) through (i), did not preclude a court from striking allegations of prior convictions pursuant to section 1385, even in the absence of a motion by the prosecuting attorney. The court made its holding fully retroactive, and stated that "[a] defendant serving a sentence under the Three Strikes law (§ 667, subds. (b)-(i), § 1170.12) imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a), may raise the issue on appeal, or, if relief on appeal is no longer available, may file a petition for habeas corpus to secure reconsideration of the sentence." (*Romero, supra,* 13 Cal.4th at p. 530, fn. 13.)

On January 16, 1997, petitioner filed a petition for writ of habeas corpus in the superior court seeking reconsideration of his sentence under *Romero*. The superior court denied the petition because petitioner had not filed a motion before the trial court to strike the prior. This ruling was erroneous since the filing of a motion to strike prior serious felony conviction allegations is not a prerequisite to seeking habeas corpus relief under

---

[1]All further statutory references are to the Penal Code.

*Romero.* (*People* v. *Sotomayor* (1996) 47 Cal.App.4th 382, 391 [54 Cal.Rptr.2d 871].) Since the record is silent on the issue of whether the sentencing court misunderstood its authority or discretion to strike the prior conviction, petitioner is entitled to have the court consider the petition for writ of habeas corpus on the merits. (*People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 530, fn. 13.)

## DISPOSITION

The petition for writ of habeas corpus is granted. The superior court is directed to consider the merits of the petition for writ of habeas corpus filed January 16, 1997, in accordance with the views expressed in this opinion.

Turner, P. J., and Armstrong, J., concurred.